IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-00743-MJW-CBS

ALFONSO R. FLORES,

    Plaintiff,

v.

OFFICER RICK JANDEGIAN, Leadville, P.D. and
LEADVILLE POLICE DEPARTMENT,

    Defendants.

---

**ORDER REGARDING
(1) DEFENDANT LEADVILLE POLICE DEPARTMENT MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1) (DOCKET NO. 23)
AND
(2) DEFENDANT LEADVILLE POLICE DEPARTMENT'S MOTION TO STAY
DISCOVERY ON THE GROUNDS OF GOVERNMENTAL IMMUNITY AND REQUEST
TO BE RELIEVED FROM THE REQUIREMENTS OF FED. R. CIV. P. 16 AND
D.C.COLO.LCivR 16.1 AND 26.1 (DOCKET NO. 26)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on: (1) Defendant Leadville Police Department's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (docket no. 23) and (2) Defendant Leadville Police Department's Motion to Stay Discovery on the Grounds of Governmental Immunity and Request to be Relieved from the Requirements of Fed. R. Civ. P. 16 and D.C.COLO.LCivR 16.1 and 26.1 (docket no. 26). This court has reviewed both motions, Plaintiff's response to both motions (docket no. 27), and replies

2

(docket nos. 28 and 29). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On July 6, 2006, the parties to this lawsuit filed a written consent to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). On July 6, 2006, District Judge Marcia S. Krieger entered an Order Referring Case Pursuant to 28 U.S.C. § 636(c) (docket no. 21). Based upon Judge Krieger's Order (docket no. 21), Magistrate Judge Michael J. Watanabe was drawn randomly by the Clerk of the Court to serve as the trial judge on the merits pursuant to 28 U.S.C. § 636 (c).

Rule 12(b)(1):

empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through

3

>affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the the motion to dismiss to a motion for summary judgment under Rule 56. *See id.*

<u>Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp.</u>, 176 F. Supp.2d 1091, 1094-95 (D. Colo. 2001).

Plaintiff's Complaint, which was filed with this court on April 19, 2006, alleges five (5) claims for relief. They are: (1) a 42 U.S.C. § 1983 claim for excessive force under the Fourth Amendment (Complaint page 4), (2) a 42 U.S.C. § 1983 claim for deliberate indifference in violation of the Eighth Amendment (Complaint page 4), (3) an unspecified 42 U.S.C. § 1983 claim for violation of the Fourth Amendment (Complaint page 4), (4) a state law claim for physical and mental abuse (Complaint page 5), and (5) a 42 U.S.C. § 1983 claim for cruel and unusual punishment in violation of the Eighth Amendment (Complaint page 5). All five (5) claims listed above are alleged to have occurred during an incident on December 31, 2002, when Plaintiff was allegedly shot during an arrest by Defendant Officer Rick Jandegian (Complaint page 3). As of the date of this order, Defendant Officer Rick Jandegain has not been served pursuant to Fed. R. Civ. P. 4.

The United States Supreme Court has stated that the statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is defined by the analogous state law provision for personal injuries. <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985). Under Colorado law, the general statute of limitations for negligence and tort actions is two years. § 13-80-102(1)(a), C.R.S. (2005). In addition, under Colorado law there is a two-year statute

4

of limitations period for "[a]ll actions upon liability created by a federal statute where no period of limitations is provided is said federal statute." § 13-80-102(1)(g), C.R.S. (2005).  Here, the court finds that there is no genuine issue of material fact that Plaintiff discovered and knew of his alleged injuries on December 31, 2002.  See Complaint page 3.  "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005).  The court takes judicial notice pursuant to Fed. R. Evid. 201 that Plaintiff's Complaint was received by the Court on April 10, 2006, and was filed on April 19, 2006 (docket no. 3).  Based upon these findings, the Plaintiff's First, Second, Third, and Fifth Claims for Relief have not been filed timely and should be dismissed.

As to Plaintiff's Fourth Claim for Relief, the court finds that Plaintiff has alleged in that claim that he is entitled to emotional distress type damages as a result of the December 31, 2002, incident.  Since Plaintiff's Fourth Claim for Relief is a state claim, Plaintiff must comply with the Colorado Governmental Immunity Act ("CGIA").  See § 24-10-101, et seq., C.R.S.  Plaintiff is required to file a notice with the appropriate governmental agency within one hundred and eighty days of the discovery of the injury, regardless of whether Plaintiff knew all of the elements of the claim or cause of action for such injury.  See § 24-10-109(1), C.R.S. Such submission of this notice is a jurisdictional prerequisite to the filing of a lawsuit.  King v. U.S., 301 F.3d 1270, 1273 (10th Cir. 2002).  Here, the court finds that Plaintiff has attempted to comply with the notice requirements of the CGIA, but he submitted such notice on or about June 21, 2005, which is more than one hundred and eighty days after the incident of

5

December 31, 2002, and almost two and a half years after the such incident. Accordingly, the notice by Plaintiff under the CGIA is untimely, and Plaintiff's Fourth Claim for Relief should be dismissed.

As to the Plaintiff's claims brought in the Complaint against Defendant Officer Rick Jandegian, the court finds that Plaintiff has failed to file proof of service against Defendant Officer Rick Jandegian within 120 days from the filing on his Complaint as required under Fed. R. Civ. P. 4(m). As mentioned above, Plaintiff's Complaint was filed on April 19, 2006. As of August 21, 2006, Plaintiff has not served Defendant Officer Rick Jandegian. Accordingly, Plaintiff has failed to comply with Fed. R. Civ. P. 4(m), and, therefore, the Complaint against Co-Defendant Officer Rick Jandegian should be dismissed.

## ORDER

**WHEREFORE**, based upon these finding of fact and conclusions of law, the court **ORDERS**:

1. That Defendant Leadville Police Department's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (docket no. 23) is **GRANTED**.

2. That judgment shall enter in favor of the Defendants Leadville Police Department and Officer Rick Jandegian on the Complaint and against the Plaintiff Alfonso R. Flores plus costs to be taxed by the Clerk of Court.

3. That Defendant Leadville Police Department's Motion to Stay

6

Discovery on the Grounds of Governmental Immunity and Request to be Relieved from the Requirements of Fed. R. Civ. P. 16 and D.C.COLO.LCivR 16.1 and 26.1 (docket no. 26) is **MOOT** and therefore **DENIED** based upon this court's ruling on docket no. 23 above.

Done this 21st day of August 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge